Jeffrey M. Galen, Esq. [SBN 134705]
GALEN & DAVIS, LLP
2829 Townsgate Road, Suite 100
Westlake Village, California 91361
Telephone: (818) 986-5685
Facsimile:  (818) 986-1859
Email: jeffrey.galen@galendavislaw.com

ATTORNEYS FOR PLAINTIFF,
JOSHUA BRATT

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSHUA BRATT, an individual,

                              Plaintiff,

vs.

COUNTY OF SANTA BARBARA,
SANTA BARBARA COUNTY
SHERIFF'S OFFICE, SETH
WOODILL, an individual and DOES 1
through 20, inclusive,

                              Defendants.

Civil Case No.

**COMPLAINT FOR DAMAGES:**

**(1)   42 U.S.C. §1983 (4th and 14th Amendments- Excessive Force)**
**(2)   42 U.S.C. § 1983 (4th and 14th Amendments- Unlawful Detention and False Arrest)**
**(3)   42 U.S.C. § 1983 (4th and 14th Amendments- Malicious Prosecution and Abuse of Process)**
**(4)   Monell Claim- Municipal Liability- Unlawful Custom, Policy and Practice under 42 U.S.C. §1983**
**(5)   Failure To Properly Train, Hire Supervise and Discipline**
**(6)   Negligence**
**(7)   Assault**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

This action arisies under 42 U.S.C. §§1983 and1988. Plaintiff seeks redress for deprivation of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as it arises under 42 U.S.C. § 1983.

2. The acts which form the basis of the Plaintiff's claims arose in the Central District of California. Therefore, venue properly lies in the Central District of California pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 (b)(1), in that Defendant resides in and the acts omissions which formthe basis of Plaintiff's claims occurred  in the Central District of California.

## PARTIES

3. Plaintiff, JOSHUA BRATT ("Bratt" or "Plaintiff")), at all relevant times, was and is a resident of City of Solvang, Santa Barbara County, California.

4. At all relevant times, Defendant COUNTY OF SANTA BARBARA, ("County") was, and is, a public entity authorized by law to establish certain departments, responsible for enforcing the laws and protecting the welfare of the citizens of the County of Santa Barbara. At all relevant times, Defendant County was, and is, ultimately responsible for overseeing the operation, management, and supervision of the Santa Barbara County Sheriffs Office. Defendant County is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

5. At all relevant times, Defendant SANTA BARBARA COUNTY SHERIFF 'S OFFICE ("SBSO") was, and is, a public entity responsible for providing law enforcement services for Defendant County.

6. At all relevant times, Defendant SBSO was, and is, the duly authorized law enforcement agency in and for the County of Santa Barbara, California, and was, and is, responsible for overseeing the operation, management, and supervision of the

SBSO employees who patrol in Santa Barbara County, California, and is liable for the negligent and reckless acts of all employees, personnel, and entities, including, but not limited to, Defendant Deputy SETH WOODILL, their supervisors, and any DOES 1 through 20, inclusive.

7.  At all relevant times, Defendant Deputy SETH WOODILL ("WOODILL") was, and is, an individual, residing in Santa Barbara County, within the Central District of California, acting as a duly appointed sheriff deputy employed by Defendant County at Defendant SBSO, which is located in the Central District of California.

## GENERAL ALLEGATIONS

8.  This action is brought under Title 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution, and pursuant to the general laws of the United States. Plaintiff alleges that he was assaulted, and unlawfully arrested by law enforcement officers with excessive use of force, and that Defendants conspired to falsify evidence and wrote police reports containing materially false descriptions of Plaintiff's actions in order to prosecute him for crimes which he did not commit, and obstruct his access to justice.

9.  Defendant WOODILL is being sued in his individual capacity. At the time of the acts complained, Defendant WOODILL was a duly appointed SBSO deputy employed as such by Defendant County. At the time of the acts hereinafter complained of, Defendant WOODILL acted in the course and scope of such employment and acted under color of law. Defendant, WOODILL is and at all times herein mentioned was a Deputy for the SBSO and County, was an agent for the same and caused, ratified, committed, performed, and/or otherwise allowed the deprivations and conduct to occur as alleged herein.

10.  At all relevant times, Defendants County and SBSO  were ultimately responsible for the hiring, training, supervision, and discipline of Defendant WOODILL,

and were responsible for violation of Plaintiff's rights.

11.  At all relevant times, each Defendant was individually and jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

12.  Plaintiff is informed and believes that each Defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to Plaintiff.

13.  Upon information and belief, Defendants DOES 1 through 20 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendants DOES 1 through 20 are presently unknown to Plaintiff. At all relevant times, Defendants DOES 1 through 20 were employees and/or agents of County and/or SBSO. Defendant DOES 1 through 20 include, inter alia, County and/or SBSO deputies or supervising employees and/or agents who were involved in any manner in the incidents and legal claims for relief alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff Bratt is informed, believes, and based thereon alleges that each Defendant DOE herein is in some manner responsible for the injuries and damages suffered by him. At all times herein mentioned Defendant DOES 1 through 20, .were acting within the course and scope of their employment as deputies, agent or employee.  That each is responsible in some manner for the occurrences hereinafter alleged and that Plaintiff's damages as hereinafter alleged were directly caused by the conduct of each.

14..  Defendant, County is a government entity duly organized and existing under the laws of the State of California.  Defendant County is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including SBSO and its agents and employees.  At all times relevant to

the facts alleged herein, Defendant County was responsible for assuring that the
actions, omissions, policies, procedures, practices and customs of the SBSO and its
employees complied with the Laws and Constitutions of the United States and the State
of California.

### **FACTUAL ALLEGATIONS**

15.  On April 23, 2024, at aproximately 7:30 p.m., left work at Bethania Food
Distribribution, and drove home to 257 Willow Drive to pick up his girlfriend's dog who
stays at Bratt's house during the day when his girlfriend is at work. Bratt the proceeded
to drive from his house to his girfriend's house to drop off the dog, and after doing so,
his destination was to return to his house on Willow Drive.

16.  Bratt came to a stop at the intersection of 2nd Street and Oak Avenue,
Deputy WOODILL was stopped to Bratt's left on Oak Avenue.  Plaintiff Bratt began
to proceed thru the intersection when WOODILL commenced following Bratt closely.
Bratt continued to proceed down 2nd Street, with Deputy WOODILL following Bratt's
vehicle closely.

17. Bratt came to a complete stop at the intersection of 2nd Street and Elverhoj
Street. Bratt then proceeded to make a left turn onto Elverhoj Street, Deputy WOODILL
continued to follow Bratt. Bratt then made a complete stop at the intersection of
Elverhoj and 1st Street, and then proceeded to make a right turn onto 1st Street, with
Deputy WOODILL still following Bratt's vehicle very closely.

18.  Bratt then made a turn onto Willow Drive with Deputy WOODILL still following
him, and proceeded to turn into the driveway of his residence at 257 Willow Drive,
where on a regular and customary basis parks his vehicle.

19.  At no time while following Bratt, did Deputy WOODILL activate his siren or his
overhead lights. Bratt as he was driving the entire time broke no traffic laws.

20.  Bratt then exited his vehicle and when he turned he witnessed Deputy

WOODILL in his vehicle in Bratt's driveway with his overhead lights activated. Deputy WOODILL exited his vehicle in an aggressive manner and yelled at Bratt "what the fuck is wrong with you?". Deputy WOODILL then yelled at Bratt to "get back in the truck", Bratt complied with the Deputy WOODILL's demand and was attempting to get back in his vehicle.

21. Deputy WOODILL then pulled his gun and pointed it at Bratt and grabbed Bratt and physically forced him to the ground in a seated position.

22. Bratt's daughter then came out their residence and Deputy WOODILL quickly put his gun away. Bratt's daughter started to record the interaction with Deputy WOODILL on her phone, which angered WOODILL and made Deputy WOODILL more aggressive. At this time Deputy WOODILL called for backup and told Bratt that his tail light was out. Deputy WOODILL then took out his pepper spray and pointed at Bratt and his daughter. Bratt was ordered by Deputy WOODILL to lay face down on the ground, to which Bratt complied.

23. Once backup arrived, DEPUTY WOODILL told Bratt to stay down on the ground and would not allow Bratt to stand up. Then Deputy WOODILL and his backup Deputy forceable picked Bratt up by his arms and dragged him to the backup Deputy's vehicle. As Deputy WOODILL dragged Bratt over to the backup Deputy's vehicle he wrenched and twisted Bratt's arm, causing sever pain and discomfort and called Bratt stupid.

24. Bratt was placed in the backup Deputy's vehicle at which time Deputy WOODILL leaned in to the vehicle and yelled several times at Bratt calling him "stupid". As Bratt was seated in the back of the Deputy's vehicle, Pastor Chris Brown and Bratt's girlfriend showed up, Deputy WOODILL began making excuses regarding how a tail light out turned into resisting arrest.

25. Deputy WOODILL arrested Bratt on a misdemeanor charge in violation of

1   Penal Code § 148(a)(1) - resisting, obstructing, or delaying a peace officer. Bratt spent

2   thirteen (13) hours in Santa Barbara County jail and was given a Notice to Appear for

3   violations of Penal Code § 148(a)(1) and Vehicle Section 24252(a) (lighting equipment).

4       26. Bratt suffered physical injuries as a result of WOODILL's use of

5   force on him, including but not limited to severe pain and discomfort.  Bratt further

6   suffered emotional distress resulting from the incident.

7

8   **FIRST CAUSE OF ACTION**

9   **Violation of Civil Rights: Excessive Force**

10   **(42 U.S.C. §1983/4th and 14th Amendments)**

11   **Against WOODILL and  DOES 1 through 20**

12       27.  Plaintiff realleges all prior paragraphs of this complaint and incorporates

13   them by reference as though fully set forth herein.

14       28.  This Action arises under Title 42 of the United States Code §§1983 and

15   1988 of the United States Constitution, the Laws of the State of California and common

16   law principles to redress a deprivation under color of State Law of rights, privileges, and

17   immunities secured by said statutes and by the Fourth and Fourteenth Amendments to

18   the United States Constitution.

19       29.  By engaging in the conduct described herein, hereinabove, Defendant

20   WOODILL and DOES 1 through 20,, were acting or pretending to act, under the color of

21   state law as sheriff deputies employed by Defendant SBSO, and violated Plaintiff

22   Bratt's civil rights afforded to him under the United States Constitution, including his

23   right to be free from excessive and unreasonable force in violation of his rights

24   protected under the Fourth and Fourteenth Amendments. Plaintiff Bratt posed no threat

25   to Defendant WOODILL, when he used excessive force against Bratt. There was no

26   need of use of any force in this situation since there was no probable cause for an

27

28

1  arrest.

2      30.  Bratt was subjected to deprivation of rights by Defendant WOODILL and

3  DOES 1 through 20, and each of them, by acting or pretending to act under color of law

4  and of statutes, ordinances, regulations, customs and usages of the Laws of the United

5  States, State of California and of the County of Santa Barbara which rights, included

6  but are not limited to, privileges and immunities secured to Bratt and by the Constitution

7  and Laws of the United States particularly Bratt's rights to be free from excessive and

8  unreasonable force in violation of Bratt's rights secured to Bratt by the Fourth and

9  Fourteenth Amendments of the United States Constitution.

10      31.  As a direct and proximate result of Defendant WOODILL's and DOES 1

11  through 20 wrongful conduct described hereinabove, Plaintiff Bratt suffered physical

12  injury, emotional distress, pain and suffering and further damages according to proof at

13  the time of trial.

14      32.  By reason of the aforementioned acts by Defendants, WOODILL and DOES

15  1 through 20,  have caused deprivation of rights and have caused Plaintiffs injuries and

16  damages.  Plaintiffs allege that Defendants, WOODILL and DOES 1 through 20, and

17  each of them, wrongful conduct have caused Plaintiff Bratt to sustain general and

18  special damages in an amount according to proof at time of trial.

19      33.  By virtue of the provisions of 42 U.S.C. §1988, Plaintiff Bratt is entitled to an

20  award of reasonable attorney's fees and costs according to proof at time of trial.

21      34.  The aforementioned acts of the Defendants WOODILL and DOES 1 through

22  20, and each of them, were done willfully, maliciously, oppressively, and with callous

23  and reckless indifference to and disregard of Bratt's constitutional rights and safety by

24  reason of which Plaintiff Bratt is  entitled to exemplary and punitive damages according

25  to proof at the time of trial.

26

27

28

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### Violation of Civil Rights: Unlawful Detention and False Arrest

### (42 U.S.C. §1983/4th and 14th Amendments)

### Against WOODILL and DOES 1 through 20

35. Plaintiff realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

36. This Action arises under Title 42 of the United States Code §§1983 and 1988 of the United States Constitution, the Laws of the State of California and common law principles to redress a deprivation under color of State Law of rights, privileges, and immunities secured by said statutes and by the Fourth and Fourteenth Amendments to the United States Constitution.

37. By engaging in the conduct described herein, Defendant WOODILL and DOES 1 through 20 , were acting or pretending to act, under the color of state law as sheriff deputies employed by Defendant SBSO, and violated Plaintiff Bratt's civil rights afforded to him under the United States Constitution, including Bratt's (1) right to be free from false arrest, and arrest without probable cause in violation of his rights protected under the Fourth and Fourteenth Amendments; (2) right to be free from a conspiracy to falsify evidence of the crime of resisting arrest and prosecute Bratt in violation of his rights protected under the Fourth and Fourteenth Amendments ; and (3) right to be free from being arrested and detained on the false charges of violations of Penal Code§ 148(a)(l) -Resisting, Obstructing, or Delaying a Police Officer.

38. Bratt was subjected to deprivation of rights by Defendant WOODILL and DOES 1 through 20, and each of them, by acting or pretending to act under color of law and of statutes, ordinances, regulations, customs and usages of the Laws of the United States, State of California and of the County of Santa Barbara which rights, included but are not limited to, privileges and immunities secured to Bratt and by the Constitution

and Laws of the United States particularly Bratt's rights to be free from false arrest and unlawful detention in violation of Bratt's rights secured to Bratt by the Fourth and Fourteenth Amendments of the United States Constitution.

39.  As a direct and proximate result of Defendant WOODILL's and DOES 1-20 wrongful conduct described hereinabove, Plaintiff Bratt suffered physical injury, emotional distress, pain and suffering and further damages according to proof at the time of trial.

40.  By reason of the aforementioned acts by Defendants, WOODILL and DOES 1 through 20, and each of them, have caused deprivation of rights and have caused Plaintiff's injuries and damages.  Plaintiff  alleges that Defendants, WOODILL and DOES 1 through 20, and each of them, wrongful conduct have caused Plaintiff Bratt to sustain general and special damages in an amount according to proof at time of trial.

41.  By virtue of the provisions of 42 U.S.C. §1988, Plaintiff Bratt is entitled to an award of reasonable attorney's fees and costs according to proof at time of trial.

42.  The aforementioned acts of the Defendants WOODILL and DOES 1 through 20, and each of them, were done willfully, maliciously, oppressively, and with callous and reckless indifference to and disregard of Bratt's constitutional rights and safety by reason of which Plaintiff Bratt is  entitled to exemplary and punitive damages according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### Violation of Civil Rights: Malicious Prosecution and Abuse of Process

### (42 U.S.C. §1983/4th and 14th Amendments)

### Against WOODILL and  DOES 1 through 20

43.  Plaintiff realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

44.   This Action arises under Title 42 of the United States Code §§1983 and

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

1988 of the United States Constitution, the Laws of the State of California and common law principles to redress a deprivation under color of State Law of rights, privileges, and immunities secured by said statutes and by the Fourth and Fourteenth Amendments to the United States Constitution.

45.   Defendant WOODILL and DOES 1 through 20, inclusive, intentionally and maliciously instituted legal action against Bratt without probable cause.

46.   By engaging in the conduct described herein, Defendant WOODILL and DOES 1 through 20 , were acting or pretending to act, under the color of state law as sheriff deputies employed by Defendant SBSO, and violated Plaintiff Bratt's civil rights afforded to him under the United States Constitution, including Bratt's (1) right to be free from malicious prosecution and abuse of process as protected by the Fourth Amendment; and  (2) right to be free from a conspiracy to falsify evidence of the crime of resisting arrest and prosecute Bratt in violation of his rights protected under the Fourth and Fourteenth Amendments.

47.  Defendant WOODILL and DOES 1 through 20, inclusive, acted with reckless disregard of the law and of the legal rights of Bratt in causing criminal proceedings to be brought against Plaintiff Bratt.

48. As a direct and proximate result of Defendant WOODILL's and DOES 1-20 wrongful conduct described hereinabove, Plaintiff Bratt suffered physical injury, humiliation, emotional distress, pain and suffering and further damages according to proof at the time of trial.

49.  By reason of the aforementioned acts by Defendants, WOODILL and DOES 1 through 20, and each of them, have caused deprivation of rights and have caused Plaintiff's injuries and damages.  Plaintiff alleges that Defendants, WOODILL and DOES 1 through 20, and each of them, wrongful conduct have caused Plaintiff Bratt to sustain general and special damages in an amount according to proof at time of trial.

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

50.  By virtue of the provisions of 42 U.S.C. §1988, Plaintiff Bratt is entitled to an award of reasonable attorney's fees and costs according to proof at time of trial.

51.  The aforementioned acts of the Defendants WOODILL and DOES 1 through 20, and each of them, were done willfully, maliciously, oppressively, and with callous and reckless indifference to and disregard of Bratt's constitutional rights and safety by reason of which Plaintiff Bratt is entitled to exemplary and punitive damages according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### Monell Claim- Municipal Liability

### Unlawful Custom, Policy and Practice under

### 42 U.S.C. §1983 Against Defendant County

52.  Plaintiff realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

53.  Defendant County is and at all times mentioned has been a public entity and duly organized and existing as such in and under the Laws of the State of California; and at all times herein mentioned, Defendant County possess the power and authority to adopt policies and prescribe rules, regulations, and practices effecting the operation of the SBSO and its tactics, methods, practices, and customs, related to investigations, personnel supervision and records maintenance and the proper uses of force by their officers.

54.  At all times herein mentioned, Defendants, WOODILL and DOES 1 through 20, and each of them, were employees acting under the County and SBSO'S direction and control who knowingly and intentionally maintained, applied, enforced the policies, customs, and practices  in violation of the Fourth and Fourteenth Amendments to the United States Constitution which policies, customs, procedures and practices  at all times herein mentioned required and encouraged the employment and retention of

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

1  deputies who have demonstrated the use of excessive and unreasonable force,

2  deprivation of liberty and false arrest as well as other abuses of their powers as peace

3  officers in the employment with the County.

4      55.  Defendant County knowingly maintains and permits official policies,

5  procedures and customs permitting the occurrence of the kind as set forth herein by

6  deliberate indifference to the widespread deputies use of unreasonable and excessive

7  force, deprivation of liberty, unlawful detention and false arrest and by failing and

8  refusing to investigate, discipline or prosecute deputies who have committed such acts

9  have been ratified and approved by the County and SBSO. Further, Defendant County

10  was deliberately indifferent to the widespread misconduct on the part of SBSO's

11  deputies in detaining citzens who have not committed a crime, false arrest and unlawful

12  detention..

13      56.  The unconstitutional policies, practices, procedures and customs tolerated

14  by Defendants County's, including, but are not limited to, Defendants County's failure to

15  adequately train, discipline, and supervise officers that used unreasonable and

16  excessive force, deprivation of liberty, unlawful detention and false arrest and failed to

17  enforce the departments written regulations with respect to uses of force, and failed to

18  adequately supervise and train the actions of officers under the control or guidance and

19  failed to competently and investigate allegations of misconduct alleged to have been

20  committed by SBSO's deputies.

21      57.  Defendant County had the duty to make and maintain customs, policies,

22  practices and/or procedures which address and cure the problems of use of excessive

23  force, deprivation of liberty, unlawful detention and false arrest and other civil rights

24  violations committed by SBSO deputies in general. Rather than creating or maintaining

25  such customs, policies, practices and/or procedures, Defendant SBSO and DOES

26  created and maintained policies and practices which caused a deliberate indifference

27

28

toward Plaintiff Bratt' s constitutional rights as well as citizens' constitutional rights in general and caused harm. to Plaintiff Bratt by condoning deputies commissions of violations including excessive use of force, unreasonable seizure, false arrest and the deprivation of liberty.

58.  By reason of the aforementioned policies, practices, procedures and customs, Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution were deprived. The unlawful and illegal conduct of the Defendant deprived Plaintiff Bratt of the rights, privileges and immunities secured to Plaintiff Bratt by the Constitutions of the United States and of the State of California.

59.  By reason of the aforementioned acts by Defendant County and DOES 1 through 20, and each of them, have caused deprivation of rights and have caused Plaintiff's injuries and damages.  Plaintiff alleges that Defendant County and DOES 1 through 20, and each of them, wrongful conduct have caused Plaintiff Bratt to sustain general and special damages in an amount according to proof at time of trial.

### FIFTH CAUSE OF ACTION

### Failure to Properly Hire, Train, Supervise and Discipline

### (42 U.S.C. §1983)  Against Defendant County

60.  Plaintiff realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

61. On or about April 23, 2024, and for a substantial period of time prior thereto, Defendants County and  SBSO had the authority to train, supervise, discipline, and hire sworn personnel of the SBSO. The County, their agents and employees failed to adequately hire, screen, train, supervise or discipline the Defendant employees.

62.  Defendant County failed to properly hire, train, and supervise the Defendants WOODILL and  DOES 1 through 20, and each of them, as members of the SBSO,

they appointed and retained said Defendants as deputies when they knew  or in the

exercise of reasonable care, should have known of the history, propensity and pattern

of Defendants WOODILL and DOES 1 through 20, and each of them, to use

excessive and unreasonable force, to commit deprivation of liberty, unlawful detention

and false arrest . Defendant, County knew or in the exercise of reasonable care,

should have known that WOODILL had a history, propensity, pattern and practice of

violent conduct and unlawful and unconstitutional actions as described herein.

63. That notwithstanding such knowledge, Defendant, County and SBSO, assigned

Defendant, WOODILL and  DOES 1 through 20, and each of them, to duties that

enabled said Defendants WOODLL and DOES 1-20  to intentionally, willfully,

wantonly, maliciously, wrongfully, and without probable cause, provocation or legal

justification use of excessive and unreasonable force, commit unlawful detention, false

arrest, liberty deprivations, and falsification of evidence.

64.  Plaintiff is informed, believes and based thereon alleges that Defendants

County, SBSO, and DOES 1 through 20, failed to train and supervise SBSO deputies

including Defendant WOODILL and DOES 1 through 20, in order to halt and prevent

the type of conduct which resulted in violating Plaintiff Bratt's constitutional rights.

Defendants County, SBSO, and DOES 1 through 20, failed to provide adequate train

to WOODILL and deputies on the proper policy and procedure on detention and arrest

of citizens; and use of force in effectuating arrests. The failure to promulgate or

maintain constitutionally adequate training was done withe deliberate indifference to

the constitutional rights of Plaintiff Bratt and others citizens.

65. Plaintiff is informed, believes and based thereon alleges that Defendants

County, SBSO, and DOES 1 through 20,  have customs, policies or practices which

condone and/or ignore misconduct of SBSO deputies and fail to impose discipline. As

a

**COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL**

result, the custom, practice or policy results in the retention of deputies such as Defendant WOODILL and DOES 1 through 20,  who have a propensity to cause constitutional violations such as use of excessive force, commit unlawful detention,  false arrest, liberty deprivations and falsification of evidence.

66.  Despite their knowledge of the said illegal policy, custom and practices, Defendants County and SBSO as a matter of policy and under color of law have not taken steps to terminate the said practices, have not disciplined or otherwise properly supervised or controlled the individual deputies who engage in said practices, have not effectively trained or instructed deputies with regard to the proper constitutional and statutory limits on the exercise of their authority and have instead sanctioned the policy, customs, through their willful, deliberate and gross indifference to the effect of  said policy, customs and practices upon the constitutional rights of Plaintiff.

67.  At all times mentioned herein, Defendants County and SBSO, knew or should have known of Defendants WOODILL and DOES 1 through 20, and each of them, propensity to use excessive force,  commit unlawful detention, false arrest, liberty deprivations and falsification of evidence and violate SBSO policy and took no corrective action to stop or prevent theses acts of misconduct against Plaintiff, and thereby directly caused the hereinabove described injuries and damages to Plaintiff Bratt and resulted in violations of Plaintiff Bratt's constitutional rights. Defendant County and SBSO took no steps to supervise Defendant WOODILL and DOES 1 through 20, correct their abuse of authority, or discourage there unlawful use of authority.

68.  The failure of Defendants County and SBSO to properly hire, train, supervise and discipline Defendant WOODILL and Does 1 through 20, as as matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of Bratt and done in conscious disregard for dangers of

harm and injury to the Plaintiff Bratt and others similarly situated.

69. As a result of the foregoing, Plaintiff Bratt was subjected to physical and emotional injuries that were a direct and proximate result of Defendants County, SBSO, and DOES 1 through 20, failure to maintain customs, policies, practices or procedures designed to protect the constitutional rights of the public.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

### AGAINST DEFENDANTS WOODILL and COUNTY and DOES 1 through 20

70. Plaintiffs realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

71. Defendants, WOODILL and DOES 1 through 20, and each of them, while acting in such capacity as law enforcement deputies and employees of the Defendant, County and in the course and scope of their employment acted reckless, wanton, and negligently and in complete disregard for the rights and safety of the Plaintiff and without legal justification, used excessive and unreasonable use of force, commit unlawful detention, false arrest, liberty deprivations and falsification of evidence.

72. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another. By engaging in the acts alleged herein, Defendants WOODILL and DOES 1 through 20, failed to act with ordinary care and breached their duty of care owed to Plaintiff Bratt.

73. Plaintiff Bratt is informed and believes and thereupon alleges that Defendants, WOODILL and DOES 1 through 20, and each of them, failed to implement and follow proper standards and procedures. Plaintiff further alleges that Defendant County failed to properly train and supervise Defendants, WOODILL and DOES 1 through 20, and each of them, and failed to enforce proper, reasonable,

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

adequate, and safe procedures, on detention and arrest of citizens and the use of force in effectuating arrests.

74. As a direct and proximate result of Defendants WOODILL and County's negligence and breach of duty of care, Plaintiff Bratt as suffered damages in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

## ASSAULT

## AGAINST DEFENDANTS, WOODILL and DOES 1 through 20

75. Plaintiffs realleges all prior paragraphs of this complaint and incorporates them by reference as though fully set forth herein.

76. Defendants, WOODILL and DOES 1 through 20, assulted Plaintiff Bratt by intentionally placing Plaintiff in imminent apprehension of physical violence. Defendants WOODILL and DOES 1 through 20, threatened to use OC spray and pointed his gun at Plaintiff Bratt..

77. Defendants, WOODILL and DOES 1 through 20, acted with an intent to cause harmful or offensive contact with the Plaintiff. The intended harmful or offensive contact was not privileged nor consented to and was intended with deliberate indifference to the rights and safety of Plaintiff.

78. As a result of the Defendants WOODILL and DOES 1 through 20, intent to cause harmful or offensive contact with the Plaintiff, causing Plaintiff to suffer damages according to proof at the time of trial.

WHEREFORE, Plaintiffs pray for Judgment against the Defendants, and each of them, as follows:

1.    For all general and/or compensatory damages in an amount in an amount according to proof at time of trial;

2.      For all special damages in an amount according to proof at the time of trial;

3.      For attorney's fees pursuant to Section 1988 of Title 42 of the United States Code or under any other applicable statutes or law;

4.      For exemplary and punitive damages according to proof at the time of trial against Defendants;

5.      For pre-trial interest at the legal rate per annum on all damages awarded to Plaintiff;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court deems  proper.



DATED: February 13, 2025              GALEN & DAVIS, LLP


                                      By: /s/ Jeffrey M.Galen
                                          Jeffrey M.Galen
                                          GALEN & DAVIS, LLP
                                          2829 Townsgate Road, Suite 100
                                          Westlake Village, CA 91361
                                          (818) 986-5685 (Telephone)
                                          (818) 986-1859 (Facsimile)
                                          Email: jeffrey.galen@galendavislaw.com
                                          Attorneys for Plaintiff
                                          Joshua Bratt

COMPLAINT FOR DAMAGES: AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: February 13, 2025                    GALEN & DAVIS, LLP

By: ___ /s/ Jeffrey M.Galen_____
Jeffrey M.Galen
GALEN & DAVIS, LLP
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
(818) 986-5685 (Telephone)
(818) 986-1859 (Facsimile)
Email: jeffrey.galen@galendavislaw.com
Attorneys for Plaintiff
Joshua Bratt